UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ADAM KLARKOWSKI,

        Plaintiff,

v.                                     Case No. 18-C-62

ATHLETIC & THERAPEUTIC INSTITUTE OF NAPERVILLE, LLC,

        Defendant.

---

## DECISION AND ORDER GRANTING MOTION TO DISMISS

---

Plaintiff Adam Klarkowski filed this wrongful termination action against Defendant Athletic & Therapeutic Institute of Naperville, LLC, ("ATI") in the Circuit Court for Manitowoc County on December 1, 2017. ATI removed the case to this court on January 11, 2018, asserting federal jurisdiction under 28 U.S.C. § 1332. ECF No. 1. Klarkowski is a citizen of Wisconsin. ECF No. 7 ¶ 1. ATI is an Illinois limited liability company with its principal place of business is in Illinois, and its sole member is a Delaware corporation with its principal place of business in Delaware. ECF No. 1 ¶¶ 7–8. Although Klarkowski has not alleged a precise damages amount in his amended complaint, ATI states that Klarkowski previously made a settlement demand seeking $99,000. *Id.* ¶ 10. These allegations are sufficient to establish federal jurisdiction under 28 U.S.C. § 1332. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) ("The [removing party's] burden . . . is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold.").

ATI responded to the complaint with a motion to dismiss under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil procedure. ATI's motion was denied as moot after Klarkowski filed an amended complaint. ATI thereafter filed a renewed motion to dismiss the amended complaint on the same grounds. For the reasons set forth below, this motion will be granted.

## ALLEGATIONS OF THE COMPLAINT

The following allegations from the amended complaint are treated as true purposes of the motion to dismiss. Klarkowski has been a physical therapist in Manitowoc for nearly twenty years. ECF No. 7 ¶ 4. ATI purchased the firm where Klarkowski worked in 2015, at which time he became an ATI employee. *Id.* ¶¶ 5–6. After ATI purchased the firm, it began to encourage Klarkowski to treat Medicare and worker's compensation patients for at least 75 minutes, and preferably 90 minutes, at a time. *Id.* ¶ 7. On at least two occasions, Klarkowski received written comments from his supervisor, Anthony Gries, encouraging him to provide care to worker's compensation and Medicare patients for at least 75 minutes. *Id.* ¶ 8. Gries also allegedly instructed Klarkowski to "over treat" Medicare and worker's compensation patients on numerous occasions because their payors were less likely to challenge or question invoices billing for extra time. *Id.* ¶ 9. ATI urged Klarkowski to provide extra treatment despite his professional opinion that many patients required no more than 60 minutes of physical therapy. *Id.* ¶10–11. ATI even created bonuses to encourage physical therapists to treat Medicare and worker's compensation patients for longer than was medically necessary. *Id.* ¶ 13. Klarkowski nonetheless refused to provide more treatment than he deemed appropriate. *Id.* ¶ 12. ATI ultimately terminated Klarkowski's employment because he was not willing to over treat Medicare and worker's compensation patients. *Id.* ¶¶ 14–19.

# ANALYSIS

ATI argues that Klarkowski's complaint should be dismissed for failure to state a claim because it fails to plead its allegations of fraud with adequate particularity. When considering a motion to dismiss, the court construes the allegations in the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in favor of the non-moving party. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). But while well pleaded factual allegations are accepted as true, legal conclusions, even if couched in a factual allegation, are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 79.

In addition, Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Because Klarkowski asserts that he was terminated for failing to provide unnecessary treatment to Medicare and worker's compensation patients whose payors would not object to extra charges, ATI contends that his claims amount to allegations of fraud that must meet Rule 9(b)'s heightened pleading requirements.

Whether Rule 9(b) even applies to Klarkowski's claims presents a threshold question for the court to resolve. Klarkowski alleges that his termination violated well-defined public policies against Medicare fraud (including overbilling) by health care providers and against the commission of

3

malpractice (including the provision of unnecessary treatment) by physical therapists. "Wisconsin law contains a narrow public policy exception to the general rule that employers may terminate at-will employees 'for good cause, no cause or for a cause morally wrong.'" *Embiata v. Marten Transp., Ltd.*, 574 F. Supp. 2d 912, 918 (W.D. Wis. 2007) (quoting *Brockmeyer v. Dun & Bradstreet*, 113 Wis. 2d 561, 567, 335, N.W.2d 834, 837 (1983)). "Under this narrow exception, an at-will employee has a claim against its employer for wrongful termination if the employee was fired for fulfilling, or refusing to violate, a fundamental, well-defined public policy or an affirmative legal obligation established by existing law." *Id.* (citing *Bammert v. Don's Super Valu*, 2002 WI 85, ¶ 3, 254 Wis. 2d 347, 646 N.W.2d 365). To proceed on such a wrongful termination claim, plaintiffs must "identify a fundamental and well defined public policy in their complaint sufficient to trigger the exception to the employment-at-will doctrine." *Batteries Plus, LLC v. Mohr*, 2001 WI 80, ¶ 19, 244 Wis. 2d 559, 628 N.W.2d 364 (quoting *Strozinsky v. Sch. Dist. of Brown Deer*, 2000 WI 97, ¶ 37, 237 Wis. 2d 19, 614 N.W.2d 443).

On its face, Wisconsin's common law cause of action for wrongful termination does not require allegations of fraud. Klarkowski's complaint, however, alleges that his termination violated a public policy against the overbilling of Medicare by health care providers and a public policy against provision of unnecessary treatment by physical therapists. ECF No. 7 ¶¶ 16–17. Both of those alleged public policies implicate fraudulent conduct on the part of ATI. The Seventh Circuit has observed that "Rule 9(b)'s heightened pleading standard is not restricted to claims of fraud, but may apply to claims whose factual allegations depend on fraud." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 950 (7th Cir. 2013); *see also Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("Rule 9(b) applies to 'averments of fraud,' not claims of fraud, so whether the

4

rule applies will depend on the plaintiffs' factual allegations." (first citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1027–28 (9th Cir. 2005); then citing *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 160–61 (3d Cir. 2004))). As a result, "[a] claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleadings requirements." *Borsellino*, 477 F.3d at 507 (first citing *Rombach v. Chang*, 355 F.3d 164, 170–71 (2d Cir. 2004); then citing *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990)). Because Klarkowski alleges that ATI fired him contrary to public policy for failing to submit to ATI's fraudulent treatment and billing practices, his allegations "sound in fraud" and necessarily implicate Rule 9(b).

To comply with Rule 9(b), a complaint must "describe[] the 'who, what, when, where, and how' of the fraud." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011)). The Seventh Circuit has explained that this heightened pleading standard means that the plaintiff must "show, in detail, the nature of the charge, so that vague and unsubstantiated accusations of fraud do not lead to costly discovery and public obloquy." *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 854–55 (7th Cir. 2009). Rule 9(b)'s heightened pleading standards help to guard against the "stigmatic injury" that can follow from allegations of fraud. *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016)). The Seventh Circuit has recognized that "fraud is frequently charged irresponsibly by people who have suffered a loss and want to find someone to blame for it." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). Thus, "Rule 9(b) ensures that a plaintiff have some basis for his accusations of fraud before making" them and "discourages people from including such

accusations in complaints simply to gain leverage for settlement or for other ulterior purposes." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992).

Klarkowski's amended complaint is clearly deficient under the Rule 9(b) standard. The only allegations regarding ATI's fraudulent practice pleaded with any particularity are those involving Klarkowski's supervisor, Anthony Gries. ECF No. 7 ¶¶ 8–9. Gries allegedly twice provided Klarkowski with written encouragement to treat Medicare and worker's compensation patients for at least 75 minutes and on "numerous occasions" verbally explained that Klarkowski should "overtreat Medicare and worker's compensation patients because [ATI] could then bill the providers for the extra time and those payors were less likely to challenge or question the invoices." *Id.* Yet even these allegations regarding Gries are not particular. They fail to specifically convey what Gries actually said, as opposed to how Klarkowski interpreted what he said.

Klarkowski's allegation that Gries instructed him to "overtreat" appears to be Klarkowski's conclusion, as opposed to Gries's actual instructions. Klarkowski alleges that he believed 60 minutes was sufficient time for his treatment, but Gries urged him to treat patients for at least 75 minutes. In Klarkowski's view, this was overtreatment. But a disagreement as to the length of time that is reasonable for a physical therapy treatment session is not the same as fraud. If in fact Gries also believed that 60 minutes was sufficient and all that could be justified, yet nevertheless instructed Klarkowski to keep the patients an extra fifteen minutes or longer so they could overbill Medicare patients, that would constitute fraud. But that is not what Klarkowski has alleged. The word "overtreat" is not in quotes, so we don't know whether this is Klarkowski's characterization of what Gries said or what Gries actually said. From the other allegations, it seems more likely the former. If the allegation of overtreatment is Klarkowski's characterization, as opposed to Greis's actual

6

instructions, then the complaint does not even state a claim under Rule 12(b)(6), since conclusions are to be disregarded and what is left does not state a plausible claim.

In any event, the complaint does not satisfy Rule 9(b). Fraud is a serious allegation that should not be made lightly. That is the reason for the particularity requrement of Rule 9(b). Absent greater particularity as to what Greis actually said, as well as when and where Gries allegedly made the written and verbal comments, the allegations of fraud are insufficient. Allegations of at least a single instance of the allegedly fraudulent activity pleaded with adequate particularity are the bare minimum for a complaint to have any chance at surviving under Rule 9(b). *See United States ex rel. Grenadyor v. Ukr. Vill. Pharmacy, Inc.*, 895 F. Supp. 2d 872, 878–79 (N.D. Ill. 2012) ("Particularity has often been interpreted as more than just general accusations of wrongdoing, but providing at least one specific instance of wrongdoing that satisfies the who, what, where, when and how requirements of Rule 9(b)." (citing *United States ex rel. Hebert v. Dizney*, 295 F. App'x 717, 722–23 (7th Cir. 2008))). The failure to provide all necessary details about the only allegation of fraudulent activity pleaded with any particularity thus dooms the amended complaint.[1]

The amended complaint suffers from a host of additional deficiencies. Not only does it fail to plead dates regarding Gries' written and verbal communications to Klarkowski, it pleads almost no dates whatsoever, alleging only that ATI purchased Klarkowski's physical therapy firm in 2015 and that his employment was terminated on an unspecified date after January 30, 2017. ECF No. 7

---

[1] With its brief in opposition to ATI's earlier motion to dismiss the original complaint, Klarkowski's attorney submitted a declaration with several exhibits attached, including copies of Gries' notes and Klarkowski's January 30, 2017 performance review. ECF Nos. 10-3, 10-2. Rather than treat the motion to dismiss the amended complaint as one for summary judgment, however, the court has excluded from consideration these and other materials not included in the amended complaint. *See* Fed. R. Civ. P. 12(d).

¶¶ 5, 15.  Alleging in general terms that the events in a complaint occurred within a period of time encompassing more than a year is insufficient to satisfy Rule 9(b).  *See Beyrer*, 722 F.3d at 950 (observing that dates were pleaded with insufficient particularity where "the relevant events [were] alleged to have occurred sometime 'beginning in July 2007 and continuing until January 28, 2008'").  Moreover, as already noted, nothing in the amended complaint alleges anything more than Klarkowski's *belief* that ATI's treatment practices were fraudulent.  He does not allege with specificity any particular occasion on which he was directed to provide medically unnecessary treatment or when ATI issued an invoice after providing medically unnecessary services.  *See Mason v. Medline Indus., Inc.*, 731 F. Supp. 2d 730, 735 (N.D. Ill. 2010) ("A plaintiff who pleads a fraudulent scheme involving numerous transactions over a period of years need not plead specifics with respect to every instance of fraud, but he must at least provide representative examples.  In addition to outlining the allegedly fraudulent scheme, Mason provides concrete examples, identifying the individuals and businesses involved, the relevant time frames, and the manner in which the bribes or kickbacks were paid." (citations omitted)).  Finally, aside from the allegations regarding Gries, Klarkowski provides no information about the manner in which ATI communicated its "frustration" to him regarding his refusal to change his treatment practices, nor does he provide any details regarding his discharge for that refusal.

Because of these shortcomings in the pleading of ATI's allegedly fraudulent billing and treatment practices, Klarkowski has failed to state a claim for wrongful termination in violation of public policy, and his amended complaint must therefore be dismissed.  ATI urges the court to dismiss the complaint without leave to submit a second amended complaint, noting that Klarkowski already responded to the first motion to dismiss by amending the complaint to allege that Gries, as

8

Klarkowski's supervisor, made written and verbal communications with him regarding ATI's allegedly fraudulent practices. But despite Klarkowski's previous amendment in response to the first motion to dismiss, this is the first decision that Klarkowski has received from this court regarding the adequacy of his allegations and the applicability of Rule 9(b). Therefore, the court will grant him leave to file a second amended complaint curing the defects in the amended complaint identified in this order if he is able to do so consistent with the requirements of Rule 11. See Fed. R. Civ. P. 11(b) and (c).

**IT IS THEREFORE ORDERED** that ATI's motion to dismiss the amended complaint (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Klarkowski may file a second amended complaint within 30 days of the date of this order. Failure to file a second amended complaint by that deadline will result in the dismissal of this action with prejudice.

Dated this <u>17th</u> day of April, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court